JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeff Macy,<br><br>PLAINTIFF(S)<br>v.<br>County of San Bernardino Public Works Solid Waste Management Division,<br><br>DEFENDANT(S) | **CASE NUMBER**<br>5:24-cv-01420-RGK-BFM<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

7/10/2024
Date

*Gary Klausner*
United States District Judge

CV-73 (07/22)           ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On July 5, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff alleges that Defendant violated federal civil rights laws, as well as state laws, based on San Bernardino County's use of Burrtec waste disposal trucks. (ECF No. 1 at 1.) Plaintiff raises six claims: (1) trespass, (2) municipal and supervisory liability based on extortion of private citizens, (3) intentional infliction of emotional distress, (4) environmental hazard, (5) invasion of privacy, and (6) extortion. (ECF No. 1 at 2-18.) Plaintiff seeks $250,000 in damages. (Id. at 19.)

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam). As explained below, Plaintiff has not established the jurisdiction of this Court, because he does not have a right of action under any of the federal laws on which he relies. See Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007) ("[T]his general federal-question jurisdiction statute is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court.").

The federal laws and theories relied upon by Plaintiff do not give rise to a right of action in federal court. His claims of municipal and supervisory liability based on extortion of private citizens, as well as his freestanding claim of extortion, do not give rise to a private right of action. See Abcarian v. Levine, 972 F.3d 1019, 1026 (9th Cir. 2020) (no private right of action for extortion, which is a federal criminal offense). The only other possible federal claim, based on an alleged environmental hazard, is actually a claim seeking disclosure of public records: Plaintiff seeks information regarding "the weight of Burrtec trucks with & without trash. We want to know all of the dump scale readings Burrtec has been using to damage our roads." (ECF No. 1 at 10.) But as the Court has explained to Plaintiff repeatedly, a claim based on the County's denial of his public records requests should not be brought in federal court. See Ortez v. Washington County, State of Or., 88 F.3d 804, 811 (9th Cir. 1996) (counties are not bound by the Freedom of Information Act); see also Houchins v. KQED, Inc., 438 U.S. 1, 15 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."); see also McBurney v. Young, 569 U.S. 221, 232 (2013) ("[The Supreme] Court has repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws.").

All of Plaintiff's remaining claims are based on state tort laws and, therefore, do not raise a federal question. See Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1343 (9th Cir. 1981) ("The district court did not have subject matter jurisdiction to consider these claims of tortious conduct because they fail to allege the tortious violation of any federally protected right.").

Finally, given these deficiencies, the Court has no power to grant leave to amend. "Subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir.1988). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." Orff v. United States, 358 F.3d 1137, 1149 (9th Cir.2004) (internal quotation omitted). Accordingly, the Complaint is dismissed without leave to amend. The dismissal is without prejudice to Plaintiff reasserting his allegations in state court. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court.").